No. 3969.—STATE ex rel. GEO. E. BOVEE v. F. J. HERRON.

To maintain the plea of *res judicata* the cause of action must be the same. In this case the relator brought suit for the office of Secretary of State, on the alleged ground that the act of suspension by the Governor was unconstitutional and void. Judgment was. rendered in favor of the defendant on that plea.

Relator afterward brought this suit for the same office, on the allegation that the non action of the Legislature on the suspension restored him to the office. To this suit defendant urged that the first judgment was *res judicata.*

Held—That the cause of action not being the same in the two suits the plea of *res judicata* could not be sustained.

A public officer, such as the Secretary of State, who has been suspended from his functions by the Governor is entitled to resume his office immediately after the adjournment of the next General Assembly, provided no action has been taken on the suspension during the session, and his exclusion thereafter is an active, arbitrary violation of his legal and constitutional rights as such.

APPEAL from the Eighth District Court, parish of Orleans. *Dibble, J. S. Belden,* Attorney General. *A. P. Field* and *J. Q. A. Fellows,* for relator. *Hays & New,* for defendant.

HOWELL, J. On the twenty-ninth of August, 1871, the Governor suspended George E. Bovee from the office of Secretary of State for alleged malfeasance in office, and appointed F. J. Herron to discharge the duties thereof (in the language of the order of suspension) "until the Legislature shall act upon the subject in accordance with the constitution." On the sixteenth of February, 1872, he presented specific charges against said Bovee to the Legislature, convened on the first of January preceding, and requested that, if the charges. be sustained, Bovee be impeached; and the matter was referred to a special committee who, after hearing the witnesses on both sides, made a report, on the last day of the session, of an indefinite character, upon which no action appears to have been taken by the General Assembly. Soon after the adjournment Bovee instituted this proceeding under the intrusion act, stating as his cause of action that the suspension only:

operated until the Legislature should act on the subject, and not having done so, he was entitled to the office. From a judgment against him he has appealed.

We find.annexed to the record a motion to dismiss the appeal, "on the ground that it is not made returnable according to law." There is no intimation in what respect it is not made according law, and we can discover no irregularity upon which the motion can be maintained, and it is therefore denied.

We find also in the record the plea of *res judicata* opposed by defendant to the demand in the usual form, that the same matter has been determined in a former suit between the same parties in favor of defendant and the appeal therein dismissed, the judgment thereby becoming final. The record of that suit is before us, and it shows the cause of action to have been the want of authority in the Governor to suspend the relator, which, however erroneously, may be considered as definitely settled adversely to the relator, as between the said parties. But the cause of action in this suit is a different one, and has acquired its force since the institution of the other, to wit, that by its terms the order of suspension " was operative only until the meeting and adjournment of the General Assembly of the State, then next following the suspension," and the said General Assembly having adjourned and expired without having impeached the relator, or in any manner acted upon the matter, he was thereafter not subject to nor affected by the suspension. The plea was properly overruled.

On the merits the case is so clearly with the relator as to need no argument.

Admitting that by sheer accident or neglect in taking the appeal in the former proceeding, the law of this case, as between these parties, sustains the suspension by the Governor of an officer, for whose suspension in such way neither the constitution nor any statute has made provision or given any sanction, it was to have effect only until the Legislature should have an opportunity to impeach him. This not having been done, he was unquestionably entitled to resume the functions of his office, in this instance, immediately upon the adjournment of the Legislature, and his exclusion was an active, arbitrary violation of his legal and constitutional rights as Secretary of State for the remainder of the term for which he was elected.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment declaring George E. Bovee to be Secretary of State under the constitution and laws of Louisiana, and that he be forthwith restored to the full possession of said office, with all the books, papers, archives, seal, furniture, etc., belonging or appertaining thereto, and to the undisturbed exercise of all the duties thereof, with costs in both courts.